UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MARCIA JORDAN, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:24-cv-00467 |
| TARGET CORPORATION, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Marcia Jordan ("Jordan"), proceeding pro se, alleges a state law claim of fraud and race and age employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), against Defendant Target Corporation ("Target") (Doc. No. 9). Before the Court is Target's Motion to Dismiss (Doc. No. 10). The motion is ripe for review. (Doc. Nos. 14, 15). For the following reasons, Target's motion is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

I.    FACTUAL BACKGROUND AND ALLEGATIONS

Jordan, a 50-year-old, African American woman, challenges her termination from Target before February 2021. (Doc. No. 9 at 2, 3). In her Complaint, she admits that she did not file a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC"), and did not receive a right to sue letter prior to filing suit. (Id. at 4). She failed to do so because an EEOC representative told her not to file because she was a "part-time" employee. (Id.). With respect to her fraud claim, Jordan alleges that her separation notice was fraudulent because her name was incorrect, it did not have her social security number, and she was fired for no reason. (Doc. No. 9 at 2).

## II.   LEGAL STANDARD

Target's motion for dismissal is based on Federal Rule of Civil Procedure 12(b)(6). McKnight v. Gates, 282 F. App'x 394, 397 n.2 (6th Cir. 2008). Under Rule 12(b)(6), the Court must take all the factual allegations in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679.

## III.   ANALYSIS

### A. Title VII

Target argues that Jordan's Title VII claim should be dismissed because she did not exhaust her administrative remedies. (Doc. No. 11 at 3). The Court agrees. Exhaustion of administrative remedies is a condition precedent to a Title VII action. Mayers v. Sedgwick Claims Mgmt. Servs., Inc., 101 F. App'x 591, 593 (6th Cir. 2004). To maintain an action under Title VII, a plaintiff "must timely file a charge with the EEOC [("Charge")], receive a right-to-sue letter and file an action within ninety days of receipt of such letter." Hoover v. Timken Co., 30 F. App'x 511, 513 (6th Cir. 2002). Target, Jordan and the Court agree that Jordan failed to exhaust her administrative remedies. That someone at the EEOC told her otherwise is legally irrelevant. The Sixth Circuit has held that the request to file a charge and obtain a right to sue letter prior to filing her Title VII

claim is not relieved for a part-time employee.  See Saulsberry v. Federal Exp. Corp., 552 F. App'x. 424, 426, 430 (6th Cir. 2014) (a part-time employee brought a Title VII action against employer).

    **B. Fraud**

Jordan's fraud claim is difficult to understand.  To the extent she asserting a mail fraud claim, (Doc. No. 14 at 2), that mail fraud is a criminal offense for which there is no private right of action, and only the Government can bring such a claim.  Morganroth & Morganroth v. DeLorean, 123 F.3d 374, 386 (6th Cir. 1997) (holding that violations of federal mail fraud statute,18 U.S.C. §§ 1341 and 1343 "do not give rise to private causes of action"); Hamilton v. Reed, 29 F. App'x 202, 204 (6th Cir. 2002) (affirming district court's dismissal of claim under federal criminal statutes because the "statutes concern[ed] criminal, rather than civil, offenses" and "[t]hus a private cause of action may not be brought for the alleged violations. . ."). To the extent Jordan alleges fraud under Tennessee state law, her allegations are insufficient.  In Tennessee to allege fraud, the party must allege facts showing that: "(1) an intentional misrepresentation with regard to a material fact, (2) knowledge that the representation was made 'knowingly' or 'without belief in its truth,' or 'recklessly' without regard to its truth or falsity,  (3) that the plaintiff reasonably relied on the misrepresentation and suffered damages, and (4) that the misrepresentation relates to an existing or past fact. . . ." Shah v. Racetrac Petroluem Co., 338 F.3d 557, 567 (6th Cir. 2003) (citing Stacks v. Saunders, 812 S.W.2d 587 (Tenn. Ct. App. 1990)).  Jordan alleges that the separation notice contained the incorrect name and failed to include her social security number and a reason for her termination.  She does not allege *what* misrepresentations Target made of material fact that she reasonably relied on in the separation notice.  The Court cannot infer that the exclusion of her social security number and incorrect spelling of her name is a misrepresentation when the allegations show that Jordan received the separation notice and was

3

aware of her termination before February 2021. Target is not obligated to provide a reason for her termination because Tennessee is an at-will employment state, and so an employer can terminate an employee "for any reason, or for no reason at all," as long as it does not violate public policy. See Crews v. Buckman Labs. Int'l, Inc., 78 S.W.3d 852, 857–58 (Tenn. 2002). Jordan's allegations are insufficient to support a fraud claim. Even if her allegations were sufficient to support a fraud claim, the claim is time-barred. Tennessee provides a three-year statute of limitations for fraud claims. Mackey v. Judy's Foods, Inc., 654 F. Supp 1465, 1481 (M.D. Tenn. 1987) (citing Tenn. Code Ann. § 28-3-105(1)). All of the allegations giving rise to her claim occurred before February 2021. Yet, she filed this action in March 2024—a little over three years after she filed her Complaint. Thus, the claim would be time barred.

For the foregoing reasons, Defendant Target's Motion to Dismiss (Doc. No 10) is **GRANTED**.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE